FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ JUL 31 2012 ★
BROOKLYN OFFICE

D/F

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
WILLIAM BROWN,

                      Applicant,

   -against-

UNITED STATES OF AMERICA,

                      Respondent.
----------------------------------------------------------------X

**MEMORANDUM & ORDER**

**11-CV-4235 (NGG)**

NICHOLAS G. GARAUFIS, United States District Judge.

      In 2005, William Brown was convicted in this court for securities fraud, conspiracy to commit securities fraud, money laundering, and conspiracy to commit money laundering. Jury Verdict, United States v. Pirgousis, No. 04-CR-00159 (NGG) (E.D.N.Y. Oct. 14, 2005), Docket Entry # 345. He appealed his conviction to the Second Circuit, which affirmed on August 14, 2008. United States v. Prigousis, 290 Fed. App'x 388 (2d Cir. 2008). On August 30, 2011, Brown filed a pro se letter to this court requesting an "extension of time" to secure a document by way of a pending Freedom of Information Act request. (Brown Ltr. of Aug. 30, 2011 (Docket Entry # 1) at 2.) He states that the document links him to the brokerage firm at which he was alleged to have worked when he committed the offenses of conviction, but denies that he was ever employed by or associated with that firm. (Id. at 1.) He further alleges that his trial counsel possessed the document but was arrested just prior to trial and "the document was lost." (Id. at 2.) Finally, Brown writes that, while he was incarcerated, a friend of one of the prosecution's trial witnesses told Brown that "the entire Russian Community was told that [the witness's] testimony was coerced by threats to his wife and family." (Id. at 2.) After the Government submitted a memorandum of law (Docket Entry # 7) in response to this court's Order to Show

1

Cause (Docket Entry # 2), Brown submitted two letters suggesting that his attorney should have made a greater attempt to secure a plea bargain with the Government and was not adequately prepared for trial, and that Brown was the victim of an "overzealous prosecutor" (Brown Ltr. of May 31, 2012 (Docket Entry # 9); Brown Ltr. of June 1, 2012 (Docket Entry # 10)).

Because Brown's letters sound in constitutional claims of ineffective assistance of counsel and due process, the court is inclined to construe his August 30, 2011, letter as a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2255, which permits a federal prisoner to challenge a conviction or sentence "imposed in violation of the Constitution or laws of the United States." The Second Circuit has held, however, that if a prisoner has never filed a § 2255 petition, a court may not characterize his submission as a § 2255 petition without first giving him notice of the potential adverse consequences of such a characterization and an opportunity to withdraw the submission. See Adams v. United States, 155 F.3d 582, 584 (2d Cir. 1998).

The court thus advises Brown that if it construes his letter as a § 2255 petition and then denies that Petition or finds it untimely, he will be subject to § 2255's stringent limits on a prisoner's ability to bring second or successive petitions. Section 2255(h) provides:

> A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain—
> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

Brown should be particularly cautious about requesting that the court construe his letter as a § 2255 petition because it appears that such a petition might be time-barred under § 2255's one-year period of limitation. Section 2255(f) states:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of—

2

(1) the date on which the judgment of conviction becomes final;
(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

As discussed above, Brown's conviction was affirmed on appeal on August 14, 2008. His conviction became final on or about November 12, 2008, the date of the conclusion of the ninety-day period during which Brown could have petitioned for certiorari with the Supreme Court. See Clay v. United States, 537 U.S. 522, 525 (2003). Brown filed his letter on August 30, 2011, over two years after his conviction became final. Thus, if Brown's letter is construed as a § 2255 petition, then his petition would be untimely unless he can demonstrate either: (1) that his petition falls within one of the limitation periods set forth in § 2255(f)(2), (3), or (4); or (2) that he is entitled to equitable tolling of the limitation period.

Equitable tolling may be applied only if the petitioner "shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." Holland v. Florida, 130 S. Ct. 2549, 2562 (2010) (internal quotation marks omitted). The petitioner must "demonstrate a causal relationship between the extraordinary circumstances on which the claim for equitable tolling rests and the lateness of his filing, a demonstration that cannot be made if the petitioner, acting with reasonable diligence, could have filed on time notwithstanding the extraordinary circumstances." Valverde v. Stinson, 224 F.3d 129, 134 (2d Cir. 2000). On the present record, there is no basis for equitable tolling.

Accordingly, within thirty days of receipt of this Memorandum and Order, Brown shall inform the court by letter whether he (1) agrees to the characterization of his August 30, 2011,

3

letter as a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2255; or (2) withdraws his submission. If Brown chooses the first option, he is further directed to show cause by affirmation why his petition is not time-barred; an affirmation form is attached to this Memorandum and Order for Brown's convenience. If Brown does not respond within thirty days, the court will assume that he agrees to the characterization of his letter as a § 2255 petition and will then rule on the petition based upon the present submissions.

SO ORDERED.

s/Nicholas G. Garaufis

Dated: Brooklyn, New York
July 30, 2012

NICHOLAS G. GARAUFIS
United States District Judge

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
WILLIAM BROWN,

                Applicant,                             **APPLICANT'S AFFIRMATION**

-against-                                         **11-CV-4235 (NGG)**

UNITED STATES OF AMERICA,

                Respondent.

-----------------------------------------------------------------X

        I am the Applicant in this action and I respectfully submit this Affirmation in response to the court's Memorandum and Order dated _____. I agree to the characterization of my August 30, 2011, letter to the court as a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2255. The instant Petition should not be time-barred by the one-year period of limitation because:

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

[YOU MAY ATTACH ADDITIONAL PAGES IF NECESSARY]

    In view of the foregoing, it is respectfully submitted that the instant Petition should be permitted to proceed.

DATED: _____

_____
Signature

_____
Address

_____
City, State & Zip