UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X

WILLIAM BROWN,

                        Petitioner,

              -against-

UNITED STATES OF AMERICA,

                        Respondent.
-----------------------------------------------------------------X

**ORDER**

11-CV-4235 (NGG)

NICHOLAS G. GARAUFIS, United States District Judge.

      Petitioner William G. Brown was convicted of securities fraud, money laundering, and related conspiracy charges arising out of his role in a Staten Island "boiler room" operation. (Jury Verdict (Dkt. 345, United States v. Brown, No. 04-CR-159-7 ("Crim. Dkt.")).) This court sentenced him to a total of fifteen years' imprisonment and three years' supervised release, and ordered him to pay $14,563,848.30 in restitution. (J. (Crim. Dkt. 401).) Petitioner's judgment and sentence were affirmed on appeal. (USCA Mandate (Crim. Dkt. 447).) Proceeding pro se, Petitioner subsequently filed a letter challenging his conviction, which the court, with his assent, construed as a 28 U.S.C. § 2255 petition and denied as time-barred. (Apr. 17, 2015, Order (Dkt. 25) at 2-3, 17.)

      Still proceeding pro se, Petitioner now moves for the court to vacate the order of restitution, asserting that his financial situation has worsened since his sentencing and that the restitution order interferes with his ability to provide for his son. (Dec. 19, 2017, Letter ("Mot.") (Dkt. 29).)

      As the Second Circuit has explained, an order of restitution forms part of a defendant's sentence, which may not be modified except in "narrow circumstances not present" in this case.

1

United States v. Kyles, 601 F.3d 78, 83 (2d Cir. 2010); see also 18 U.S.C. § 3664(o). Thus, to the extent Petitioner seeks to modify the amount of restitution he owes, the court lacks authority to grant him that relief, and his motion is denied.

The court may, however, construe Petitioner's motion as requesting modification of the payment schedule for his restitution. See, e.g., McLeod v. Jewish Guild for the Blind, 864 F.3d 154, 156-57 (2d Cir. 2017) (per curiam) (stating that pro se submissions should be construed liberally). The court has authority to modify a restitution payment schedule, even if it cannot modify the restitution amount. See 18 U.S.C. § 3664(k); Kyles, 601 F.3d at 83 n.7. To warrant a modification, Petitioner or another party must show the court that there has been a "material change in [Petitioner's] economic circumstances that might affect [his] ability to pay restitution." 18 U.S.C. § 3664(k). Whether a modification is appropriate depends on an "objective comparison of [his] financial condition before and after a sentence is imposed." United States v. Grant, 235 F.3d 95, 100 (2d Cir. 2000).

The court concludes that no modification is appropriate because Petitioner has not demonstrated a "material change" in his financial circumstances. Petitioner states that his restitution payments make it difficult for him to support one of his children. (Mot. at 2.) The court notes that Petitioner's difficulty in providing for his family would appear to stem from the fact that he is incarcerated, not from the fact that, according to the judgment against him, he is required to pay $25 per quarter in restitution while he is incarcerated. (J. at 6.) More to the point, because Petitioner has not explained why his financial situation has deteriorated since his sentencing, he has not demonstrated "changed circumstances" that might support a modification of his restitution payment schedule. See Grant, 235 F.3d at 100-01. Even if he had, it is far from

2

certain that, in light of the fact that he is only required to pay $25 per quarter in restitution, the "interests of justice" would require modification of his payment schedule.

For the reasons stated above, Petitioner's motion to vacate or modify his restitution order or to modify his restitution payment schedule (Dkt. 29) is DENIED. The Clerk of Court is respectfully DIRECTED to mail a copy of this order by certified mail, return receipt requested, to pro se Petitioner at his address of record.

SO ORDERED.

Dated: Brooklyn, New York
May 10, 2018

s/Nicholas G. Garaufis
NICHOLAS G. GARAUFIS
United States District Judge